# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH SCHROETER, | ) |
| Movant, | ) |
| vs. | ) Case No: 4:13CV46 HEA |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Joseph Schroeter's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, [Doc. No. 1]. The United States of America has responded to the motion, pursuant to the Court's Case Management Order. For the reasons set forth below, the Motion is denied.

## PROCEDURAL HISTORY

A grand jury indicted Movant, charging him in an eleven count indictment with two counts of distributing child pornography in violation of 18 U.S.C. § 2252A(a)(1), three counts of receipt of child pornography in violation of § 2252A(2), five counts of possession of images of child pornography in violation of § 2252A(a)(5)(B) and one count of the production of child pornography in violation of § 2251(a).

On September 22, 2011, Movant entered a plea of guilty to Counts I and II (distributing child pornography). Each count carried a mandatory minimum term of imprisonment of five years. The government, in the Plea Agreement, agreed to dismiss Counts III through XI. The government further agreed not to pursue a five-level enhancement for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor. On January 4, 2012, Movant was sentenced to 192 months.

Movant filed this Motion for Post-Conviction Relief pursuant to Title 28 U.S.C. Section 2255 on January 11, 2013.

## **CLAIM FOR RELIEF**

Movant has raised the following grounds for post-conviction relief:

**Ground One:** Trial Counsel's failure to challenge Count XI of the Indictment in a Motion to Dismiss, or other dispositive motion, prior to advising Movant to enter into the Plea Agreement was ineffective assistance of counsel.

**Ground Two**: Trial Counsel's failure to advise Movant of his ability to enter an open plea with the Court was ineffective assistance of counsel.

**Ground Three:** Trial Counsel's failure to present mitigating evidence at sentencing constituted ineffective assistance of counsel.

## **STANDARD FOR RELIEF UNDER 28 U.S.C. 2255**

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In order to obtain relief under § 2255, the movant must allege a violation constituting "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may also be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

## DISCUSSION

## Right to Evidentiary Hearing

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)). Since the Court finds that Movant's claim can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## Standard for Ineffective Assistance of Counsel

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658

(1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to

5

"eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

**Ground One**: Trial Counsel's failure to challenge Count XI of the Indictment in a Motion to Dismiss, or other dispositive motion, prior to advising Movant to enter into the Plea Agreement was ineffective assistance of counsel.

6

Movant argues that counsel failed to challenge Count XI before advising him to enter a guilty plea was ineffective assistance of counsel because there is serious doubt whether the charged conduct violated 18 U.S.C. § 2251(a).

Aside from disagreeing with Movant's interpretation of the statute, the Court concludes that Movant's argument is without merit. As the government correctly points out, Movant not only bargained for the dismissal of Count XI, but rather, counsel was able to secure a dismissal of a total of nine counts; Count XI was a small portion of the package counsel secured for Movant. Moreover, counsel was able to secure an agreement from the government that it would not seek a five-level enhancement for a pattern of exploitation in exchange for Movant's agreement that he would not seek a below-guidelines sentence. Rather than establishing the performance prong of the *Strickland* standard, the facts of this plea negotiation establish that counsel's performance clearly did not fall below an objective standard of reasonableness.

Likewise, Movant has failed to establish the prejudice prong of *Strickland*. Nowhere in his motion does Movant show that there was a reasonable probability that he would have insisted on going to trial, but for counsel's errors. Indeed, it is clear that Movant received a significant reduction in his term of imprisonment through the plea and might have received a substantially higher sentence had he gone to trial and was found guilty on Count I through X. Ground one is denied.

**Grounds Two**: Trial Counsel's failure to advise Movant of his ability to enter an open plea with the Court was ineffective assistance of counsel.

Movant's plea negotiations resulted in a dismissal of Count XI, which carried a mandatory minimum sentence of 15 years, **and** avoidance of a five level enhancement for pattern of sexual exploitation **and** an agreement from the government that it would not seek an above guidelines sentence. Movant would have received **none** of these benefits had counsel advised Movant to enter into an open plea for the sole purpose of receiving a three level reduction for acceptance of responsibility. Even assuming counsel should have advised Movant of an open plea, the benefits Movant received from the plea negotiations and resulting plea agreement far exceed what Movant would have received through an open plea. Counsel's actions were objectively reasonable and Movant clearly benefited therefrom. Counsel's performance was not objectively unreasonable and Movant was not prejudiced in any way through counsel's performance.

**Ground Three:** Trial Counsel's failure to present mitigating evidence at sentencing constituted ineffective assistance of counsel.

Movant argues that counsel should have used a psychosexual expert and should have had Movant's family testify at sentencing. The government correctly argues that psychosexual experts in this district for mitigation purposes is rare, that the Court is aware of empirical data that exists, and that family testimony is not

ordinarily persuasive in terms of a reduced sentence. The impact of these "mitigating" factors provide little basis for a significantly shorter sentence. Ground Three is denied.

## CONCLUSION

Based upon the foregoing analysis, Movant has failed to establish he is entitled to a hearing and has failed to present any basis upon which the Court may grant relief.

## CERTIFICATE OF APPEALABILITY

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. No. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 31st day of March, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE